IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASSIUS KIM COLLINS,<br><br>     Petitioner,<br><br>vs.<br><br>THE SUPERIOR COURT OF SAN DIEGO,<br><br>et al.,<br><br>     Respondent.<br>_____/ | 1:13-cv-00839-BAM (HC)<br><br>ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA |

Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

In this case, the petitioner is challenging a civil commitment from San Diego County, which is in the Southern District of California. Therefore, the petition should have been filed in the United States

-2-

1  District Court for the Southern District of California.  In the interest of justice, a federal court may
2  transfer a case filed in the wrong district to the correct district.  <u>See</u> 28 U.S.C. § 1406(a); <u>Starnes v.</u>
3  <u>McGuire</u>, 512 F.2d 918, 932 (D.C. Cir. 1974).
4      Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States
5  District Court for the Southern District of California.
6      IT IS SO ORDERED.
7      **Dated:    June 10, 2013**                     /s/ **Barbara A. McAuliffe**
                                                                                    UNITED STATES MAGISTRATE JUDGE